## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KELVIN REGALADO, | : | Civil No. 1:25-CV-00054 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN GREENE, | : | |
| | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

### MEMORANDUM

Kelvin Regalado ("Petitioner") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP") determination to not apply his earned time credits ("ETC") under the First Step Act ("FSA") because his underlying conviction makes him ineligible.  (Doc. 1.)   For reasons set forth below, the court will dismiss the petition.

### PROCEDURAL HISTORY

On May 10, 2023, Petitioner was sentenced to 87 months of imprisonment after pleading guilty to conspiracy to distribute and to possess with intent to distribute one kilogram or more of heroin, 400 grams or more of fentanyl and 100 grams or more of carfentanil under 21 U.S.C. § 846, distribution of possession with intent to distribute ketamine under 21 U.S.C. § 841(a)(1), and distribution of and possession with intent to distribute 400 grams or more of fentanyl under 21 U.S.C. § 841(a)(1).  *United States v. Regalado*, No. 1:20-CR-1028-1-NMG, Doc. 100 (D.

1

Mass.).  Petitioner is currently housed in the Federal Correctional Institution-Allenwood ("FCI-Allenwood") in White Deer, Pennsylvania.

Petitioner initiated this habeas corpus action under 28 U.S.C. § 2241 in January of 2025.  (Doc. 1.)  On January 8, 2025, the court entered an order instructing Petitioner to pay the statutorily required filing fee or file a motion to proceed *in forma pauperis* within thirty-days.  (Doc. 3.)  On January 16, 2025, Petitioner paid the court filing fee.  The court will now screen the petition pursuant to Rule 4.

## VENUE

A § 2241petition must be filed in the district where the petitioner is in custody.  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the person who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.")  Petitioner is housed at FCI-Allenwood in Union County, Pennsylvania, which is located in this district.  *See* 28 U.S.C. § 118(b).  Therefore, this court is the proper venue for the action.

## DISCUSSION

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief.  28 U.S.C. §

2254 Rule 4.  District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241.  28 U.S.C. § 2254 Rule 1.

The FSA allows eligible inmates who successfully complete evidence-based recidivism reduction programs or productive activities to receive time credits to be applied toward time in pre-release custody or supervised release.  *See* 18 U.S.C. § 3632(d)(4)(A), (C).  An inmate can earn ten (10) days of credit for every thirty (30) days of successful participation.  *See id*. § 3632(d)(4)(A)(i).  Furthermore, eligible inmates assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) additional days of time credit for every thirty (30) days of successful participation, for a total of fifteen (15) days' time credit per thirty (30) days' successful participation.  *See id*. § 3632(d)(4)(A)(ii).

The FSA contains multiple eligibility requirements, including an extensive list of convictions that render a prisoner ineligible for ETC.  *See id*. § 3632(d)(4)(D).  This list of convictions is at issue in this petition.  Specifically, Petitioner alleges that his underlying conviction under 21 U.S.C. § 841(A)(1) for the distribution of and possession with intent to distribute 400 grams or more of fentanyl is not listed as a disqualifying offense under the FSA.  (Doc. 1.)

However, Section 3632 includes the following conviction as disqualifying under the FSA:

> Subparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) or paragraph (1)(F) or (2)(F) of section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, or any analogue thereof.

*Id.* § 3632(d)(4)(D)(lxvi).

The compound of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide is commonly known as Fentanyl. *Severino v. Warden, FCI Fort Dix*, No. 23-3114, 2024 WL 208964, *3 n.2 (D.N.J. Jan. 19, 2024). Here, Petitioner pled guilty to a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vi) possession with intent to distribute 400 grams or more of Fentanyl. *Regalado*, No. 1:20-CR-1028-1-NMG, Doc. 91. Therefore, despite his argument otherwise, Petitioner's underlying conviction precludes Petitioner from accruing time credits under the FSA. As such, the petition will be dismissed with prejudice.

## CONCLUSION

For the above stated reasons, the petition for writ of habeas corpus will be dismissed with prejudice pursuant to Rule 4. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Date: January 21, 2025